```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


RICHARD THOMPSON and                )
MID RIVER ASPHALT, INC.,            )
                                    )
            Plaintiffs,             )
                                    )
        vs.                         )      No. 4:06-CV-1421 (CEJ)
                                    )
PRINCIPAL LIFE INSURANCE CO.,       )
et al.,                             )
                                    )
            Defendants.             )
```

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Principal Life Insurance Company (Principal Life) to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. In response to the motion, plaintiffs indicated that they intended to submit an amended complaint. They requested and received additional time in which to do so; however, the additional time has expired without any new submission from plaintiffs.

Tommy Thompson was employed by plaintiff Mid River Asphalt, Inc. (Mid River). Mid River purchased from defendant Principal Life Insurance Company a group life insurance policy for its employees. Tommy Thompson designated his brother, plaintiff Richard Thompson, as his beneficiary. Tommy Thompson died on February 28, 2005. Plaintiff Richard Thompson thereafter made a claim for benefits, which defendant Principal Life denied.

Plaintiffs Richard Thompson and Mid River filed suit in state court against Principal Life, the Charles L. Crane Agency Company (Crane), and Patrick Gibbons. Plaintiffs asserted claims of breach of contract and vexatious refusal to pay against defendant Principal Life, a claim of negligence of agent against defendants Crane and Gibbons, and a claim for return of premiums against all defendants. Defendant Principal Life removed the action to this Court, asserting this Court's jurisdiction under 28 U.S.C. § 1331. Defendant Principal Life now moves to dismiss, arguing that plaintiffs' claims against it are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*

## I. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be

dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**II. Discussion**

ERISA includes a preemption clause that provides: "this subchapter . . . shall supersede any and all State laws insofar as they may . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). This clause "is conspicuous for its breadth." FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990); see also Shea v. Esensten, 107 F.3d 625, 627 (8th Cir. 1997) ("ERISA's preemption clause sweeps broadly, embracing common law causes of action if they have a connection with or a reference to an ERISA plan.") A state law claim "relates to" an ERISA plan where resolution of the claim is substantially dependent on an analysis of the terms of the benefit plan. Neumann v. AT&T Communications, Inc., 376 F.3d 773, 780 (8th Cir. 2004). Congress clearly expressed an intent that ERISA's civil enforcement provisions be the exclusive remedy for actions by plan participants and beneficiaries. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 31, 52 (1987); see 29 U.S.C. § 1132(a)(1) (authorizing plan participants and beneficiaries to bring actions to recover benefits and obtain equitable relief).

The life insurance policy at issue is an "employee welfare benefit plan" within the meaning of ERISA. 29 U.S.C. § 1002(1)(A) (defining "employee welfare benefit plan" to mean any plan "established and maintained by an employer . . . for the purpose of

providing . . . benefits in the event of . . . death.") Plaintiffs' claims against defendant Principal Life "relate to" the plan and are therefore preempted by ERISA. See Johnson v. U.S. Bancorp, 387 F.3d 939, 942 (8th Cir. 2004) (breach of contract claims preempted by ERISA); Vickery v. United Medical Resources, Inc., 43 F.3d 1208 (8th Cir. 1994) (claim for vexatious refusal to pay preempted by ERISA).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Principal Life Insurance Company to dismiss for failure to state a claim [#7] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2007.